**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARY KNIGHT,**
        **Plaintiff,**

**-vs-**                   **Case No. 6:08-cv-703-Orl-19DAB**

**ALTA HEALTHCARE GROUP, INC.,**
        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 29)**
>
> **FILED:**   March 10, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

  This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); *see also Silva v. Miller*, Case No. 08-12011, 2009 WL 73164, *2 (11th Cir. 2009) (unpublished; confirming viability of *Lynn's Foods* analysis). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on Plaintiff's initial Responses to Court Interrogatories (Doc. No. 17), Plaintiff was employed by Defendants as a care provider from September 2007 to February 2008. The amount of overtime to which Plaintiff was entitled was disputed by both sides, with Plaintiff originally seeking $10,836.80 in overtime wages and the same amount in liquidated damages based on 45 alleged overtime hours per week at $10.00 per hour (overtime rate) for 26 weeks. Doc. No. 17.

Plaintiff's counsel has represented in written filings that Plaintiff recognized that there were significant issues of whether the FLSA applied to Defendant, whether Plaintiff worked the alleged hours, and the financial stability of Defendant. Doc. No. 29. Plaintiff's counsel states that Plaintiff

revised[1] her claim for overtime to $6,069.70, inclusive of liquidated damages, "after review of documents produced by Defendant during discovery. These documents solidified the number of weeks claimed by Plaintiff, the gross wages she was actually paid, and the schedule worked by Plaintiff, which refreshed Plaintiff's recollection of the additional off-the-clock hours she alleged to have worked." Doc. No. 29 at 3 n. 1. Defendant raised the significant issue of whether "enterprise coverage" would apply to Defendant's operation or whether it was not liable under the FLSA, argued that Plaintiff did not work the number of hours she claimed, and given the state of the general economy, with Defendant's business is under financial pressure, and collectability was an issue for Plaintiff to consider. Doc. No. 29.

Plaintiff accepted Defendant's $6,800 settlement offer, which is inclusive of attorney's fees and costs. Plaintiff will receive $3,800 of the settlement for overtime and liquidated damages, and her attorney will receive $3,000 for fees and costs. Plaintiff's counsel incurred allowable costs of $380. In support of the remaining $2,620 attributable to attorney's fees, counsel states that his paralegal has accrued 6.7 hours at $95 and that he has accrued 12.0 hours. Doc. No. 30. At the hourly rate of $175 previously awarded to Mr. Morgan by this Court[2], along with the 6.7 hours spent by the paralegal at $95/hour, for total fees of $2,736.50; thus, counsel has also compromised his claim for fees from an allowable lodestar.

The settlement to Plaintiff of $6,800 in unpaid wages and liquidated damages represents a fair and reasonable settlement of Plaintiff's claims. It is **RECOMMENDED** that the settlement of $3,800

---

[1] Although counsel states that Plaintiff has filed Amended Answers to Court Interrogatories, the record does not reflect such a filing. Nonetheless, the representations by Plaintiff's counsel, as an officer of the court, of the revised state of Plaintiff's claim is sufficient.

[2] *Shannon v. Saab Training USA, LLC*, Case No. 6:08-cv-803-Orl-19DAB (analyzing appropriate hourly rate).

for wages and liquidated damages and $3,000 in attorney's fees and costs be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  No part of the Plaintiff's recovery may be re-allocated to augment the fee award.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 27, 2009.

*David A. Baker*
      DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy